IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV290

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **O R D E R** |
| | ) | |
| REAL PROPERTY AT 130 HIGH ROCK ACRES DRIVE, BLACK MOUNTAIN, NORTH CAROLINA, AS DESCRIBED IN A DEED AT DEED BOOK 2881, PAGE 660-02, OF THE BUNCOMBE COUNTY, NORTH CAROLINA, PUBLIC REGISTRY, TOGETHER WITH THE RESIDENCE, AND ALL APPURTENANCES, IMPROVEMENTS, AND ATTACHMENTS THEREON, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on the Government's motion for relief from judgment and for the appointment of a guardian *ad litem*.

In September 2006, the Government filed a complaint seeking forfeiture of the above real property. The complaint alleges that in May 2006, Michelle Dowdy was living in the residence with Sean Hurley, the record owner of the real estate, and their two minor children. In response

to a call concerning domestic violence made by Dowdy, law enforcement authorities entered the home and detected the odor of marijuana. Dowdy informed the authorities that Hurley was growing marijuana in the basement and allowed a search thereof. The authorities discovered marijuana plants growing in the basement. Hurley was subsequently arrested on state drug charges.

In the complaint, the Government alleged that the only person having an interest in the real property was Hurley. Nonetheless, the Government served Dowdy with a copy of the complaint and other documents in October 2006. Dowdy did not file an answer or claim in the civil forfeiture proceeding.

On September 27, 2006, Hurley died. The Government moved for entry of default and default judgment in March 2007 at a time when it was aware that Hurley was deceased. The Government now asks that the default judgment be set aside so that the Government will be able to obtain clear title to the property. The Government asks that the default judgment be set aside as to all persons and entities but that default then be re-entered as to Dowdy and that a guardian be appointed for the minor

children who have inherited their father's estate.  No proposed guardian is suggested.

The Court will set aside the default but will require a separate notification to Dowdy.  Upon a suggestion of a guardian *ad litem* competent to represent the interests of the children, an appointment will be made.  Service of the complaint shall then be made on that person.

**IT IS, THEREFORE, ORDERED** that the default judgment filed on March 22, 2007, is hereby **SET ASIDE**, and the Clerk is directed to reopen this matter as a pending civil action.

**IT IS FURTHER ORDERED** that the United States shall effect service on Michelle Dowdy and file proof thereof.

**IT IS FURTHER ORDERED** that the United States provide the Court with the name of an attorney competent in acting as a guardian *ad litem*; upon the appointment thereof, the United States shall effect service thereon and file proof of service.

Signed: July 2, 2007

Lacy H. Thornburg
United States District Judge