# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv290

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| REAL PROPERTY AT 130 HIGH ROCK ACRES DRIVE, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court in accordance with the Order of the district court entered on June 26, 2007, and in accordance with the provisions of 18, United States Code, Section 983(b)(2)(A). It appearing to the court that there exist two minor claimants, who will be designated by the court as "O.H.H." and "M.S.H." (whose interests are represented by their mother Michelle Nicole Dowdy, as trustee, in the estate proceedings of their father Sean Hurley).

The appointment of counsel for indigent claimants in civil forfeiture proceedings is governed. in the circumstances herein presented, by Section 983(b)(2)(A), which provides as follows:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is

-1-

financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

18 U.S.C. § 983(b)(2)(A). In this case, it appears from the pleadings that the minor claimants are *per se* unable to afford counsel and that this forfeiture involves a home that is being used as their primary residence. While such potential claimants have not made a request of this court, the court has, *in loco parentis*, Ordered the appointment of counsel by and through its Order of June 26, 2007. In furtherance of such Order, the court has contacted the Legal Services Corporation which has agreed to take such appointment from the court. In accordance with Section 983(b)(2)(A), the court appoints Mr. B. Eugene Hines, Esq., of the Buncombe County Bar and an attorney with the Legal Services Corporation, to represent O.S.H. and M.S.H. in this matter.

Recognizing that Legal Services Corporation may have little experience in civil forfeiture actions, Mr. Hines is respectfully advised that civil forfeiture actions are governed by unique rules that require claimants to file both <u>claims</u> and <u>answers</u> within very specific time frames. Specifically, this action is governed by the *Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions*. Such rules may be found in *Federal Civil Judicial Procedure an Rules,* which is published by West. Counsel should pay particular interest to Rule G, especially Rule

G(5)(a), specifying the requirements for filing a "claim" to the property and Rule G(5)(b) requiring the filing of an Answer to the Complaint within 20 days after filing the claim.

Inasmuch as such minor claimants are acting under legal disability until counsel is appointed for them and until a guardian is thereinafter appointed, the court will provide under Rule G(5)(a)(ii) that the claimants have until September 14, 2007, to file their claim. Prior to filing the claim, Mr. Hines shall locate a person of suitable age and discretion who is not a claimant or potential claimant in this matter to act as the guardian *ad litem* for such minor claimants in this matter. Mr. Hines shall, by motion, present such person to this court for approval as the guardian *ad litem* for the minor claimants before filing the Claim or Answer.

## ORDER

**IT IS, THEREFORE, ORDERED** that Mr. B. Eugene Hines is **APPOINTED** to represent the minor claimants in this matter and is **GRANTED** leave to submit interim requests for payment of fees in accordance with Section 983(b)(2)(B).

Signed: August 6, 2007

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge